STATE OF LOUISIANA *v.* G. MAXENT AND U. GUESNON.

One of the counts of indictment charged that the prisoner, "under the color and pretence of fight-
ing a duel, with the deceased, but in violation of the agreement and rules " assaulted and murdered
him. *Held:* That a homicide committed under such circumstances is indictable as murder.

Defendants accepted the jurors who passed upon their case, without the objection that a proper list
had not been served upon them. *Held:* That it was too late for them to raise such objections after
verdict.

In the refusal of the Judge to allow the prisoner's counsel to state new points and propositions in the
hearing of the jury, when they came in and asked for further instructions from the court, there is
not such error as would authorize a reversal of the judgment. In such a matter, much must be
entrusted to the discretion of the District Judge.

APPEAL from the First District Court of New Orleans, *Robertson,* J.
*Morse,* Attorney General, for the State. *Dufour & Roselius,* for de-
fendants and appellants.

SPOFFORD, J. It seems unnecessary to discuss the question, whether the of-
fence of killing a man in a duel, is reduced below the grade of murder by the
Act of 20th March, 1818, Sec. 16, which declares that, "if any person shall
voluntarily engage in a duel with rapier or small sword, back sword, pistol or
other dangerous weapon, to the hazard of life, and death should ensue, the survi-
vor shall, upon conviction, suffer death ; and all and every person aiding and
abetting as second, agent, and abettor, who shall be duly convicted, shall be
punished, as accessories before the fact in murder."

For, one of the counts of the indictment charges that the prisoners "under
the color and pretence of fighting a duel, with the deceased, but in violation
of the agreement and rules " assaulted and murdered him. There can be no
question in the mind of any casuist, that a homicide committed under such cir-
cumstances is indictable as murder. There being a count under which the
verdict is good even if there 'was a pretended duel, we are not called upon to
say what the proper form of indictment would have been, had death ensued
from a duel fairly fought.

The first three points in the brief filed on behalf of *Maxent,* are thus irrele-
vant.

We find no evidence in the record that the jury were intimidated into giving
a hasty verdict.

We are of opinion that the defendants having accepted the jurors who passed
upon their case without any objection, on the ground that a proper list had not
been served upon them, it was too late for them to raise such objections after
the verdict.

In the refusal of the Judge to allow the prisoner's counsel to state new points
and propositions in the hearing of the jury, when they came in and asked fresh
instructions from the court, we do not find such error as would authorize a re-
versal of the judgment. In such a matter, much must be entrusted to the dis-
cretion of the District Judge.

The defendants were both found guilty of manslaughter. *Guesnon* moved
that the judgment against himself be arrested, upon the special ground that
he was indicted as an accessory before the fact to *Maxent's* offence, and as the
latter had only been convicted of manslaughter, he could not be an accessory

before the fact, the principal's crime not admitting of accessories before. 1 East. Pleas Crown, p. 353.

But an inspection of the indictment, shows, that *Guesnon* was charged with being present, aiding and abetting *Maxent*, to commit the alleged felony. He was, therefore, indicted as a principal, and not as an accessory before the fact. An accessory before the fact is one who being absent at the time of the commission of the crime, doth yet procure, counsel or command its commission. 1 Hale's Pleas Crown, p. 616. See also the *State* v. *White*, 7 An. 531.

The objection urged by the same party, in his motion in arrest, that he should have been indicted as second in a duel, under the Statute of 20th March, 1818, Sec. 16, is disposed of, already. *Non constat* that the indictment was not properly framed, although there was a duel, when it is alleged that under pretence of a duel, a murder was committed by violating the agreement and rules.

The judgment against both prisoners is, therefore, affirmed with costs.